**Lewis v. Walden**
*[Cite as 4 AOA 528]*

*Case No. CA89-07-108*
*Butler County, (12th)*
*Decided June 11, 1990*

*Richard N. Koehler II, 205 Society Bank Bldg., 6 South Second Street, Hamilton, Ohio 45011-2729, for Plaintiffs-Appellants.*

*Masana, Masana, Hurr & Bruewer, Henry A. Masana, 220 South Monument Avenue, Hamilton, Ohio 45011, for Defendants-Appellees.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Butler County Court of Common Pleas, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

Plaintiffs-appellants, Joe Lewis, Jerry Hoskins, Albert Childers, Kenny Gill, Lee Armstrong, and the Founders' Cressmont Baptist Church, an unincorporated association, appeal a

judgment entry dismissing their action to dissolve the Cressmont Baptist Church, a nonprofit corporation.

Appellants filed a five count complaint seeking a judicial dissolution of the church. The complaint alleged that "the objects of the corporation have wholly failed, have been entirely abandoned, and the accomplishment of the object of the corporation has become impracticable," that the defendants -- the church's pastor and remaining trustees-- had conducted elections for the offices of trustees in violation of the church's bylaws, articles and constitution, that the defendants had engaged in discrimination against certain church members, that the church had become insolvent, and that the church's trustees were in a deadlock concerning the operation and management of the church. The complaint further alleged that the action was brought pursuant to "Revised Code §1702.52(A) (2) (E) (C), Revised Code §1702.52(3), and Revised Code §1702.52(4)."

After filing an answer, the defendants moved to dismiss the complaint because the proper parties failed to bring the dissolution action as required by R.C. 1702.52. After conducting a hearing and entertaining arguments from counsel on the motion's merits, the trial court granted the motion and dismissed appellant's complaint.

Appellants timely appeal, and as their sole assignment of error, assert the following:

"The trial court erred as a matter of law in dismissing plaintiffs' complaint based upon motion that the proceedings have not been brought by the proper parties."

The issue to be decided in this appeal is whether the trial court correctly granted the defendants' motion to dismiss the complaint. Appellant's action sought judicial dissolution of a nonprofit corporation. Procedurally, such actions are governed by R.C. 1702.52 which provides, in part, for the following:

"(A) A corporation may be dissolved judicially and its affairs wound up:

"* * *

"(2) By an order of the court of common pleas of the county in this state in which such corporation has its principal office, *in an action brought by voting members entitled to dissolve the corporation voluntarily*, when it is established:

"* * *

"(b) That the corporation is insolvent * * *

"(c) That the objects of the corporation have wholly failed or are entirely abandoned or that their accomplishment is impracticable;

"(3) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, *in an action brought by a majority of the voting members*, or such lesser proportion *or number of voting members as are entitled* by the articles *to dissolve the corporation voluntarily*, when it is established that it is beneficial to the members that the corporation be judicially dissolved;

"(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, *in an action brought by one-half of the trustees* when there is an even number of trustees *or by one-half of the voting members*, when it is established that the corporation has an even number of trustees who are deadlocked in the management of the corporate affairs and the voting members are unable to break the deadlock * * *." (Emphasis added.)

The complaint requests a judicial dissolution of the church on grounds that the church is insolvent and its objects have wholly failed or have been entirely abandoned, R.C. 1702.52(A) (2) (b) and (c); that a judicial dissolution is beneficial to the members of the church, R.C. 1702.52(A) (3); and that the trustees are deadlock in the management of the church's corporate affairs, R.C. 1702.52(A) (4).

Any action to judicially dissolve a corporation under divisions (A) (2) or (A) (3) of R.C. 1702.52 must be brought by voting members of the corporation. An action for dissolution under division (A) (4) of R.C. 1702.52 may be brought by either one-half of the voting members or one-half of the trustees when there is an even number of trustees.

R.C. 1702.52(B) provides that:

"A complaint for judicial dissolution shall be verified by any of the complainants and shall set forth facts showing that the case is one of those specified in this section. Unless the complainants set forth in the complaint that they are unable to annex a list of members, a schedule shall be annexed to the complaint setting forth the name of each member and his address if it is known."

Two of the "complainants", appellants Joe Lewis and Jerry Hoskins, attested that they believed each and every allegation of the complaint to be true. The complaint was not, however, accompanied by a schedule setting forth the names and addresses of the church's members nor did the complaint set forth facts showing why

appellants could not annex the list of members to the complaint. Accordingly, the complaint does not set forth the necessary facts showing that the case at bar is one of those specified in R.C. 1702.52(A) (2) or (3).

Appellants allege they are trustees of the church. The church's constitution specifies that the church shall elect and maintain a minimum of three trustees, or more as determined by the church's needs. The complaint does not contain any facts indicating the total number of trustees currently serving the church or that appellants constitute one-half of the church's trustees. Nor has it been shown that appellants comprise one-half of the church's voting members. Accordingly, the complaint fails to set forth the necessary facts showing that the case may be brought by appellants pursuant to R.C. 1702.52(A) (4).

R.C. 1702.52(B) specifically requires that the complaint set forth facts showing that the case is one specified under R.C. 1702.52(A). Since appellant's complaint failed to satisfy these requirements, the trial court did not err in granting the motion to dismiss. The assignment of error is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.